JOSEPH B. MARTINDALE and J. HARPER POOR, as Receivers of MILLS & GIBB, Appellants, *v.* JOHN HINMAN EVANS, Respondent.

First Department, June 16, 1922.

Contracts — action to recover amount of drafts drawn on and paid by corporation — drafts drawn by son of treasurer to pay personal debt — drawer liable to receiver of corporation — direction by treasurer to charge amount of drafts to his account not payment where his account was overdrawn.

The defendant, a son of the treasurer of a corporation, who drew certain drafts on the corporation payable to the order of third persons in payment of his personal debt, is liable for the amount of said drafts in an action by the receiver of the corporation, where it appears that the defendant was not an officer, employee or in any wise connected with the corporation, nor was the corporation indebted to him, and that said drafts were presented to and paid by the corporation with its check.

There being no consideration whatever for the drafts, the payment of them would be considered to be a loan by the corporation which the defendant would be presumed to promise to repay.

The fact that the defendant's father, who was treasurer of the corporation, directed that the amount of the drafts be charged to his account with the corporation, does not relieve the defendant, as it appears that at that time the defendant's father was largely indebted to the corporation and, therefore, the charging to his account of that amount was not a payment.

APPEAL by the plaintiffs, Joseph B. Martindale and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of April, 1920, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's

office on the 20th day of May, 1920, denying plaintiff's motion for a new trial made upon the minutes.

*White & Case* [*Vermont Hatch* of counsel; *Joseph M. Hartfield* with him on the brief], for the appellants.

*Osborn, Fleming & Whittlesey* [*George N. Whittlesey* of counsel], for the respondent.

PAGE, J.:

The presence of the jury upon the trial was waived, and it was stipulated that the case be tried before the judge, and that he direct a verdict with the same force and effect as if a jury were present. The facts of the case were almost entirely stipulated, and from them it appears that the defendant was the son of William T. Evans, who was the treasurer of Mills & Gibb; that the plaintiffs were receivers of the corporation of Mills & Gibb; that on November 1, 1910, defendant drew a draft on Mills & Gibb to the order of George W. Jenkins for $5,400; that on the same day another draft on Mills & Gibb for $135 to the order of G. W. Prime was drawn. These drafts were drawn for the personal indebtedness of the defendant, who was not an officer, employee or in any wise connected with the corporation of Mills & Gibb, nor was the said corporation indebted to him in any sum whatever. These two drafts by indorsement came into the hands of the Chase National Bank and were presented by said bank to Mills & Gibb, and a check of Mills & Gibb on the Chemical National Bank of the City of New York to the order of the Chase National Bank for $5,535 was drawn by William T. Evans, as treasurer, and delivered to the Chase National Bank, and thereafter charged to the account of Mills & Gibb in the Chemical National Bank.

The complaint was brought on the theory of money had and received, but it was stipulated on the trial that if upon the facts presented the plaintiffs are entitled to recover from the defendant either on the theory of money had and received or on the theory of debt, the complaint should be deemed broad enough to justify a recovery on either ground.

The defendant relies upon the decision of Mr. Justice GREEN-BAUM in *Martindale* v. *DeKay* (101 Misc. Rep. 728; affd., 180 App. Div. 926; affd., 224 N. Y. 585). In my opinion the present case differs materially from the *DeKay* case, in which the check of the corporation was given to the third person by the treasurer in payment of his own debt, and in which it appeared that the treasurer and other officers of the corporation had customarily drawn checks of the corporation for their personal use and benefit, and that the same were charged to their account, and that their

salaries and other sums that they received from time to time were deposited with the corporation and credited to their account.

That action was brought on the theory of money had and received, and Mr. Justice GREENBAUM held that the most that could be said was that the defendant was put upon inquiry from the fact of the corporate check being g'ven to pay the individual debt; and that if investigation had been made, the above facts would have been discovered, which would have shown that the treasurer had the right to draw the check for that purpose. In this case, however, the draft on Mills & Gibb was made by an utter stranger to whom they were not indebted. It is not claimed that payment of these drafts were intended as gifts by Mills & Gibb to the defendant. There being, therefore, no consideration whatever for these drafts, the payment of them would be considered to be a loan which the defendant would be presumed to have promised to repay. Stress is laid upon the fact that the check that was drawn by Evans to the order of the Chase National Bank was to be charged to the account of Evans. Inasmuch as no party to this action received that check, I am of opinion that it has no bearing upon the case whatsoever. The situation is the same as if the president of Mills & Gibb had drawn the check; nor does the direction of Evans, the treasurer, to charge the amount of the drafts to his account relieve the defendant, for the reason that it appears that at that time the treasurer was largely indebted to the corporation, and, therefore, the charging of this amount to his account was not a payment by him of the draft, but merely an increase in his overdraft of his account.

It seems the most that can be said with relation to the parties to this action is that the defendant herein drew a draft on Mills & Gibb on a promise or expectation that William T. Evans would reimburse Mills & Gibb for the loan of money. William T. Evans not having repaid the money to Mills & Gibb, the defendant herein is liable.

The judgment and order should be reversed, with costs, and judgment ordered for the plaintiff for the full amount, with interest and costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Judgment and order reversed, with costs, and judgment ordered for plaintiff for the full amount, with interest and costs.